UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LOETA GAYLE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-00088-TAB-RLY |
| | ) |
| NANCY A. BERRYHILL Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF COMPLAINT**

## I. Introduction

Introductory and background information aside, Plaintiff Loeta Gayle Wilson's opening brief has only two paragraphs of argument and is supplemented by a mere page and a half reply. Though arguments can be successfully made in few pages, in this instance Wilson's motion [Filing No. 17] fails to persuade the Court that the Administrative Law Judge's decision is not supported by substantial evidence.

Wilson argues the ALJ failed to supply the vocational expert with an adequate hypothetical in light of *Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015), and *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). Wilson contends that the ALJ's hypothetical failed to apprise the VE of her difficulties with concentration, persistence, and pace, as required by *Varga* and *Yurt*. However, as discussed below, *Varga* and *Yurt* merely required the ALJ to inform the VE of the moderate limitations in Wilson's mental residual functional capacity assessment. The ALJ's hypothetical was satisfactory under *Varga* and *Yurt*, and Wilson fails to show additional limitations that should have been included. Therefore, the Court denies Wilson's request for remand. [Filing No. 17.]

## II. Background

Wilson applied for supplemental security income, claiming total disability due to a combination of physical and mental limitations. The Social Security Administration denied Wilson's application both initially and upon reconsideration. The ALJ held a video hearing and issued a decision finding that Wilson was not disabled.[1]

The ALJ found Wilson had multiple severe impairments: "degenerative disc disease of the lumbar spine, chronic pain syndrome, osteoarthritis of the bilateral knees, borderline intellectual functioning, anxiety and affective disorders, obesity, and migraine headaches." [Filing No. 14-2, at ECF p. 18; R. at 17.] Despite these impairments, the ALJ concluded that Wilson could perform a limited range of light exertional jobs, such as inspector/hand packager, garment sorter, or small products assembler.

## III. Discussion

The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). Wilson argues the hypothetical the ALJ posed to the VE failed to account for her limitations such that the ALJ's decision is not supported by substantial evidence and must be remanded. Specifically, Wilson argues that the ALJ erred by failing to supply the VE with a hypothetical that apprised her of Wilson's difficulties with concentration, persistence, and pace. The Commissioner argues that Wilson's failure to show any limitations beyond what the ALJ included in his RFC assessment is fatal to her argument.

---

[1] This was Wilson's second hearing in front of an ALJ. However, the ALJ did not adopt the findings of the prior unfavorable decision. [Filing No. 14-2, at ECF p. 20; R. at 19.]

2

At step three, the ALJ determines whether the claimant's severe impairments meet or medically equal one of the listings under 20 C.F.R. § Pt. 404, Subpt. P, App. 1. ALJs typically rely on a medical expert's opinion in their step three analyses. If the ALJ adopts the expert's opinion that the claimant met or equaled the listing, then the claimant is presumptively disabled. 20 C.F.R § 404.1525; 20 C.F.R. § 404.1526. If the ALJ finds the claimant does not meet or equal the listing, the ALJ continues his or her analysis to steps four and five.

In steps four and five, the ALJ must determine whether the claimant can work either in a previous role or a new one. 20 C.F.R. § 404.1520(e). Before making these findings, the ALJ determines the claimant's residual functional capacity, i.e. the abilities the claimant still has despite her severe and non-severe limitations. *Id.* The RFC sometimes includes a mental residual functional capacity assessment (MRFCA), which is done by an expert using a standard form. *Varga v. Colvin*, 794 F.3d 809, 811 n.1 (7th Cir. 2015). If the ALJ uses a vocational expert, the ALJ poses hypotheticals to the VE that convey the limitations in the claimant's RFC. *See* 20 C.F.R. § 416.960(b)(2). The VE then compares the hypotheticals to job descriptions and openings so the ALJ can determine what kinds of jobs the claimant can perform and whether those jobs are available. *Id.*

Providing the VE a faulty hypothetical can render an ALJ's decision unsupported by substantial evidence. *See*, *e.g.* *Varga*, 794 F.3d at 813–14. The Seventh Circuit has expressed concern that VEs were not being adequately apprised of the full scope of claimants' limitations. *Id.* at 814; *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). In general, a hypothetical that limits the claimant to simple, routine tasks and limited interactions with others does not adequately capture the temperamental nature of deficiencies in concentration, persistence or pace. *Id.* However, there is no

requirement for the ALJ to use "magic language" in her hypothetical to the VE. *Renly v. Colvin*, No. 13-cv-242-bbc, 2014 WL 896615, at *2 (W.D. Wis. Mar. 6, 2014) (citing *O'Connor-Spinner*, 627 F.3d at 619).

In both *Varga* and *Yurt*, the Seventh Circuit used the same quote to sum up what the ALJ must provide to the VE: "Thus, we would expect an adequate hypothetical to include the limitations identified by [the doctor who completed the MRFCA]." *Varga*, 794 F.3d at 814; *Yurt*, 758 F.3d at 858. It is error for the ALJ to ignore "any moderate difficulties in mental functioning found in . . . the MRFCA form." *Varga*, 794 F.3d at 816.

At step three, the ALJ found that Wilson had moderate difficulties in concentration, persistence or pace. For some of the listings the ALJ analyzed, one criterion was whether Wilson had a "marked" limitation in her ability to "concentrate, persist, or maintain pace." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12.04(B), 12.05(D), 12.06(B)); Filing No. 14-2, at ECF p. 19; R. at 18. The ALJ did not find a "marked" limitation, but did find a "moderate" one:

> With regard to concentration, persistence or pace, [Wilson] had moderate difficulties. [Wilson] reported difficulty remembering anything. She did demonstrate slowness in responding during [her] initial interview at Community Mental Health (CMH), and insight and judgment were impaired. Memory testing at CMH also revealed mild deficiencies in concentration and memory (B7F).

[Filing No. 14-2, at ECF p. 19; R. at 18.]

In making his RFC determination, the ALJ gave great weight to the MRFCA of Dr. Joelle Larsen, a Disability Determination Services psychologist. [Filing No. 14-2, at ECF p. 24; R. at 23 (Filing No. 14-3, at ECF pp. 53–56; R. at 123–26).] Larsen found, generally, that Wilson had sustained concentration and persistence limitations. [*Id.* at ECF p. 54; R. at 124.]

Nevertheless, the concerns about the temperamental nature of such difficulties expressed by the Seventh Circuit in *Varga* and *Yurt* are not present here. Larsen's assessment went on to

4

evaluate Wilson's limitations by looking to eight specific criteria. [*Id.*] In *Vargas* and *Yurt*, the MRFCAs included moderate limitations under, respectively, seven and six of the criteria.[2] Here, Larsen found that Wilson was moderately limited in regard to only one—her ability to carry out detailed instructions. [*Id.*] Larsen found that Wilson was "not significantly limited" in regard to any of the other seven:

> The ability to carry out very short and simple instructions,
>
> The ability to **maintain attention and concentration for extended periods**,
>
> The ability to **perform activities within a schedule**, maintain regular attendance, and be punctual within customary tolerances,
>
> The ability to **sustain an ordinary routine without special supervision**,
>
> The ability to work in coordination with or in proximity to others **without being distracted by them**,
>
> The ability to make simple work-related decisions,
>
> The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and **to perform at a consistent pace without an unreasonable number and length of rest periods**.

[*Id.* (emphasis added).] Larsen included a narrative outlining the evidence on which she relied in reaching those conclusions. [*Id.* at ECF pp. 55–56; R. at 125–26.]

Though the ALJ's hypothetical to the VE did not include the phrase "concentration, persistence, and pace," it did convey all of Wilson's moderate mental limitations as identified in her MRFCA by Larsen. The hypothetical eliminated detailed instructions by limiting Wilson to simple, routine, and repetitive tasks. [Filing No. 14-2, at ECF p. 67; R. at 66.] Moreover, the ALJ specifically addressed concentration. [*Id.* at ECF p. 70; R. at 69.] The ALJ asked the VE about the amount of time Wilson would have to be off-task due to concentration issues for it to

---

[2] *Varga*, 794 F.3d at 814; *Yurt*, 758 F.3d at 858. In those decisions, there were only seven criteria, rather than eight. *Id.*

prohibit competitive employment. [*Id.*] The VE said she would have to be off-task for more than 15% of the workday, in addition to regular breaks. [*Id.*] The ALJ concluded that the evidence did not show that Wilson would be off-task for more than 15% of the day. [*Id.* at ECF p. 24; R. at 23.]

Wilson does not argue that her limitations are greater than those identified by Larsen. She does not argue that Larsen's conclusions were incorrect. She does not argue that Larsen's narrative failed to provide the ALJ with a sufficient basis to rely upon Larsen's conclusions. And she does not argue that the ALJ erred in affording Larsen great weight. Therefore, the Court finds that the ALJ's hypothetical satisfied the requirements of *Varga* and *Yurt* for the hypothetical to apprise the VE of all of the moderate limitations in Wilson's MRFCA.

Wilson argues in her reply that the ALJ was required to include concentration, persistence, and pace in the hypothetical because he found such limitations at step three. [Filing No. 25, at ECF p. 2.] Wilson does not develop this argument and cites no supporting authority in her perfunctory reply. Seventh Circuit courts appear to be split on the issue. In *Ploense v. Colvin*, 167 F. Supp. 3d 955, 966–67 (E.D. Wis. 2016), the court found that a finding at step three "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Remanded without opinion* (7th Cir. 16-2061). Conversely, the Southern District of Illinois rejected the exact language adopted in *Ploense*. *Passig v. Colvin*, 224 F. Supp. 3d 672, 681 (S.D. Ill. 2016). The court noted that the line of reasoning comes from Eight and Tenth Circuit cases, which are not binding on Seventh Circuit courts. *Id.*

Applying a rigid rule here is unnecessarily inflexible. In this instance, the ALJ's hypothetical aligned with *Varga* and *Yurt*'s requirement to apprise the VE of all the moderate limitations in Larsen's MRFCA. Therefore, requiring the ALJ to include more is not appropriate

given that Wilson has not identified greater limitations than those that were included in her RFC and the hypothetical to the VE.

## IV. Conclusion

There are instances in which an appeal can be successfully argued without extended briefing. This is not one of them. Wilson's arguments fail to show the ALJ's decision was unsupported by substantial evidence. As discussed above, the Court denies Wilson's request for remand [Filing No. 17] because the ALJ's hypothetical to the VE sufficiently informed the VE of Wilson's moderate limitations in her MRFCA.

Date: 01/05/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.